IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

JOHN STEPHEN RAVAN,                )
                                   )
          Plaintiff,               )
                                   )
     v.                            )    CIVIL ACTION NO. 5:25-cv-511 (MTT)
                                   )
Sheriff DAVID DAVIS, *et al.*,     )
                                   )
          Defendants.              )
                                   )

## <u>ORDER</u>

On December 19, 2025, the Court granted Plaintiff John Ravan's motion to

proceed *in forma pauperis* ("IFP") and ordered him to recast his complaint to address

deficiencies. ECF 3. Ravan has since filed an amended complaint, and because he is

proceeding IFP, the Court must screen and dismiss his complaint if: (1) if it is frivolous

or malicious; (2) if it fails to state a claim upon which relief may be granted; or (3) if it

seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C.

§ 1915(e)(2)(B). A claim is frivolous if it "has little or no chance of success," meaning

that it appears "from the face of the complaint that the factual allegations are 'clearly

baseless' or that the legal theories are 'indisputably meritless.'" *Carroll v. Gross*, 984

F.2d 392, 393 (11th Cir. 1993) (internal citation omitted). "A dismissal under §

1915(e)(2)(B)(ii) is governed by the same standard as a dismissal pursuant to Federal

Rule of Civil Procedure 12(b)(6)."[1] *Thomas v. Harris*, 399 F. App'x 508, 509 (11th Cir.

---

[1] To avoid dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must contain sufficient factual matter to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). On a motion to dismiss, "all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the

2010) (citing *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997)). Because Ravan is proceeding pro se, his pleadings are "held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003) (citation modified). That said, "the district court does not have license to rewrite a deficient pleading." *Osahar v. U.S. Postal Serv.*, 297 F. App'x 863, 864 (11th Cir. 2008).

## I.  BACKGROUND

Ravan was a pretrial detainee at the Macon-Bibb County jail in November 2024. ECF 7 ¶¶ 2, 17. Ravan had serious health conditions requiring that he wear a defibrillator, "LifeVest," to prevent cardiac arrest. *Id.* ¶ 18. The arresting officer allowed Ravan to gather prescribed medications, including insulin and heart medications, as well as his LifeVest, before going to jail. *Id.* ¶ 19. But once Ravan arrived at the jail, Defendant "Intake Nurse," over Ravan's protests, confiscated Ravan's medications and LifeVest. *Id.* ¶¶ 20, 21. Intake Nurse told Ravan that he was not permitted to have the LifeVest or his medications in jail. *Id.* ¶ 21. In addition, apart from insulin, jail officials did not provide Ravan with his regular medications. *Id.* ¶¶ 20, 25. Consequently, on the second or third morning of Ravan's detention, he suffered a seizure. *Id.* ¶ 25. No officials treated the seizure. *Id.* ¶ 26.

Ravan was housed in Dorm J200. *Id.* ¶ 31. Gang members attacked Ravan and another gang member with a broom. *Id.* ¶ 32. The broom handle broke, and Ravan was struck in the chest, damaging his pacemaker. *Id.* ¶¶ 33, 34. Ravan was taken to Piedmont Hospital for treatment. *Id.* ¶ 35. After the assault, an inmate informed

---

light most favorable to the plaintiff*." In re Galectin Therapeutics, Inc. Sec. Litig.*, 843 F.3d 1257, 1269 n.4 (11th Cir. 2016) (citation modified).

Defendants Officer Tidwell (F),[2] Officer Tidwell (M), and "Shift Lieutenant" of the names of the gang members who attacked Ravan and the other inmate. *Id.* ¶ 37. For safety reasons, it was decided that Ravan would be moved to a different dorm. *Id.* ¶ 38. But Ravan was not sent to a different dorm as discussed. *Id.* ¶¶ 39, 40, 46. Instead, Defendant Officer Tidwell (F) and an unknown transport officer took Ravan back to Dorm J200. *Id.* ¶ 44. Ravan protested, but Officer Tidwell (F) responded by saying something like: "You just got an aspirin at the hospital; that should take care of the ass whooping you gonna get." *Id.* ¶ 45.

On December 21, 2024, Ravan was attacked with a box cutter/razor knife. *Id.* ¶¶ 47–49. He suffered broken facial bones, a fractured sinus cavity, lacerations to his mouth and left eye, missing and/or damaged teeth, and facial scarring. *Id.* ¶ 48. Ravan required facial reconstructive surgery and dental treatment but was denied necessary surgical and dental care while detained. *Id.* ¶ 50.

Following Ravan's release, the jail never returned his LifeVest, and the LifeVest company billed Ravan approximately $36,000 for the unreturned device. *Id.* ¶ 24.

## II.  DISCUSSION

### A.  Fictitious Pleading

As a general matter, fictitious-party pleading is not permitted in federal court. *See, e.g., New v. Sports & Recreation, Inc.,* 114 F.3d 1092, 1094 n.1 (11th Cir. 1997). The Eleventh Circuit has recognized, "a limited exception to this rule when the plaintiff's description of the defendant is so specific as to be 'at the very worst, surplusage.'" *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010) (quoting *Dean v. Barber,*

---

[2] For some defendants, Ravan notes "(F)" or "(M)" presumably to indicate gender.

951 F.2d 1210, 1215–16 (11th Cir.1992). Plaintiffs may proceed with claims against defendants whose names are not known at the time of filing, so long as the description provided is detailed enough to ensure proper identification and service. *Id.*

Ravan brings suit against "John Does 1–10," described as "additional persons responsible for the acts and omissions alleged herein whose identities are currently unknown to Plaintiff." ECF 7 ¶ 16. This description is insufficient to ensure proper identification and service. Consequently, Ravan's suit against "John Does 1–10" does not fall into the limited exception permitting fictitious pleading in federal court.

Ravan also brings claims against the following unnamed defendants in their individual capacities: "Defendant Shift Lieutenant" described as "a supervisory corrections officer on duty during relevant events"; "Defendant Transport Officer" described as being "involved in transporting Plaintiff and/or returning Plaintiff to Dorm J200"; and "Defendant Intake Nurse" described as "the nurse on duty during Plaintiff's medical intake." *Id.* ¶¶ 11–13.

As explained below, the amended complaint fails to state a claim against Defendant Transport Officer and Defendant Shift Lieutenant. Accordingly, these Doe defendants are **DISMISSED** without prejudice.

However, the Court will afford Ravan **60 days** from the entry of this Order to identify Defendant Intake Nurse. There will be no extensions. If Ravan identifies her, he may amend his complaint to assert Counts I and IV against her.

## B. Count I, § 1983 Fourteenth Amendment Deliberate Indifference to Serious Medical Needs Claim

Deliberate indifference claims brought by pre-trial detainees are analyzed under the Fourteenth Amendment's Due Process Clause. *See Goebert v. Lee County,* 510

F.3d 1312, 1326 (11th Cir. 2007). "However, the standards under the Fourteenth Amendment are identical to those under the Eighth." *Id.* To state a claim for deliberate indifference to a serious medical need, a plaintiff must allege: (1) "an objectively serious medical need"; (2) "that the prison official acted with an attitude of 'deliberate indifference' to the serious medical need"; and (3) a " 'necessary causal link' between the challenged conduct and [the plaintiff's] injuries." *Stalley v. Cumbie*, 124 F.4th 1273, 1283 (11th Cir. 2024) (citation modified); *see Wade v. McDade*, 106 F.4th 1251, 1253 (11th Cir. 2024).

For the first prong, a serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Hill v. Dekalb Reg'l Youth Det. Ctr.*, 40 F.3d 1176, 1187 (11th Cir. 1994) (*overruled in part on other grounds by Hope v. Pelzer*, 536 U.S. 730, 739 (2002)) (quotation marks and citation omitted). Further, the condition must be one that would pose a "substantial risk of serious harm" if left unattended. *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003). To state a claim for deliberate indifference, the plaintiff must allege that the defendant (1) "was subjectively aware that the inmate was at risk of serious harm"; (2) "disregarded that risk"; and (3) "acted with 'subjective recklessness as used in the criminal law.'" *Wade*, 106 F.4th at 1255 (quoting *Farmer v. Brennan*, 511 U.S. 825, 839 (1994)). To allege that "the defendant acted with subjective recklessness as used in the criminal law," the plaintiff must allege "that the defendant was subjectively aware that his own conduct put the plaintiff at substantial risk of serious harm." *Id.* (internal citation omitted).

### 1. Intake Nurse

Ravan has plausibly alleged Defendant Intake Nurse was deliberately indifferent to Ravan's serious medical needs. The complaint alleges Ravan had serious health conditions, including heart disease, requiring him to wear a defibrillator to prevent cardiac arrest. ECF 7 ¶ 18. Despite his medical needs, however, Intake Nurse refused to allow Ravan to take his prescribed nightly medications and removed his LifeVest. *Id.* ¶ 20. Consequently, the complaint plausibly alleges Intake Nurse had subjective awareness that Ravan was at risk of serious harm, but that she disregarded that risk and acted with subjective recklessness as used in the criminal law.

However, Ravan must identify Defendant Intake Nurse by May 30, 2026. He may amend his complaint to assert this claim against her.

### 2. Officer Tidwell (M)

Ravan alleges that the second or third morning of his custody, he suffered a withdrawal seizure. *Id.* ¶ 25. Ravan was not provided medical treatment for the seizure. *Id.* ¶ 26. Officer Tidwell (M) told Ravan the seizure was over and that nothing could be done. *Id.* ¶ 27.

The complaint does not allege that Officer Tidwell (M) was subjectively aware that Ravan was at risk of serious harm. Consequently, Count I may not proceed against Officer Tidwell (M) and is **DISMISSED** without prejudice.

### 3. CorrectHealth[3]

Defendant CorrectHealth is a private contractor who provides medical services for detainees at the Macon-Bibb County jail. *Id.* ¶ 8. Such defendants cannot be held

---

[3] Ravan's initial complaint identifies Defendant CorrectHealth as "Correct Health, Inc." ECF 1 at 1.

liable under § 1983 unless the alleged constitutional deprivation occurred as a direct result of the contractor's official policies or customs. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690–91 (1978); *Buckner v. Toro*, 116 F.3d 450, 452 (11th Cir. 1997) (per curiam) (holding that when a private entity contracts with the county to provide medical services to inmates, the entity should be treated as a municipality); *Snow ex rel. Snow v. City of Citronelle*, 420 F.3d 1262, 1270 (11th Cir. 2005) ("A municipality may not be held liable under section 1983 on a theory of respondeat superior." (citing *City of Canton v. Harris*, 489 U.S. 378, 385 (1989))); *Weiland v. Palm Beach County Sheriff's Office*, 792 F.3d 1313, 1328 (11th Cir. 2015) (holding that for a municipality to be liable under § 1983, the plaintiff must "establish that the government unit has a policy or custom that caused the injury." (citation modified)).

The complaint plausibly alleges CorrectHealth had a policy or custom of denying pretrial detainees access to defibrillators and prescription medications. Specifically, the complaint alleges Intake Nurse denied Ravan access to this medical care after explaining that Ravan could not have his LifeVest or medications in jail. ECF 7 ¶ 21. Construing Ravan's pro se complaint liberally, Ravan has alleged Intake Nurse denied Ravan necessary medical care because of a policy against permitting inmates to retain their LifeVests or medications in jail. Consequently, the Court cannot say Ravan's claim against CorrectHealth is frivolous.

Count I may proceed against CorrectHealth for further factual development.

4. *Sheriff Davis*

a. Individual capacity

Ravan also asserts Count I against Sheriff Davis, the official "responsible for jail operations." *Id.* ¶ 64. "Supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability." *Keith v. Dekalb Cnty.*, 749 F.3d 1034, 1047 (11th Cir. 2014) (citation modified). "[T]he standard by which a supervisor is held liable in [his] individual capacity for the actions of a subordinate is extremely rigorous." *Id*. at 1048 (citation modified). A supervisor is liable under § 1983 if he or she personally participated in the unconstitutional conduct. *Id*. at 1047. Alternatively, a supervisor is liable if there exists a causal connection between the "supervisor's actions and the alleged constitutional violation." *Id*. at 1048. Causal connections can be established by widespread abuse that puts a supervisor on notice. *Id*. But such abuse "must be obvious, flagrant, rampant and of continued duration, rather than isolated occurrences." *Id*. (citation modified). A plaintiff may also state the necessary causal connection when he alleges "a supervisor's custom or policy . . . result[ed] in deliberate indifference to constitutional rights or when facts support an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." *Id*. (citation modified). In relation to the latter causal connection, the Eleventh Circuit has held that "[a] causal connection can be established if a supervisor has the ability to prevent or stop a known constitutional violation by exercising his supervisory authority and he fails to do so." *AFL-CIO v. City of Miami*, 637 F.3d 1178, 1190 (11th Cir. 2011) (citing *Keating v. City of Miami*, 598 F.3d 753, 765 (11th Cir. 2010)).

The complaint does not allege that Sheriff Davis personally participated in the unconstitutional conduct. The complaint alleges that Sheriff Davis was responsible for policies/customs affecting detainee medical care, however, and that the jail had a policy of denying detainees access to medically necessary defibrillators and prescription medications, resulting in an alleged constitutional deprivation. ECF 7 ¶¶ 21, 63. Construing Ravan's complaint liberally, the Court cannot say this claim is frivolous.

Accordingly, Count I may proceed against Sheriff Davis in his individual capacity.

b. Official capacity

It is "well-settled that Eleventh Amendment immunity bars suits brought in federal court when the State itself is sued and when an 'arm of the State' is sued." *Manders v. Lee*, 338 F.3d 1304, 1308 (11th Cir. 2003). In addition, states—and, by extension, arms of the state—are not "persons" within the meaning of § 1983, and § 1983 subjects only "persons" to monetary liability[4] for violations of constitutional rights. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70–71 (1989). Thus, if a sheriff acts as an "arm of the State" when performing a particular function, the Eleventh Amendment bars suit against him, and he is not a "person" subject to § 1983 liability. *Austin v. Glynn Cnty., Georgia*, 80 F.4th 1342, 1347 (11th Cir. 2023) ("[E]ntities and officials act as an 'arm of the State' by 'carrying out a particular function.'" (quoting *Manders*, 338 F.3d at 1309)).

The Eleventh Circuit applies a four-factor test to determine whether public officials act "as arms of the State for purposes of the Eleventh Amendment: '(1) how state law defines the entity; (2) what degree of control the State maintains over the entity; (3) where the entity derives its funds; and (4) who is responsible for judgments

---

[4] Ravan does not request injunctive relief against Sheriff Davis, nor does the amended complaint allege any basis for such relief. *See* ECF 7.

against the entity.'" *Id.* at 602 (quoting *Manders*, 338 F.3d at 1309). Applying these factors, the Eleventh Circuit has repeatedly held that a Georgia sheriff acts as an arm of the State when promulgating policies at county jails. *See Scruggs v. Lee,* 256 F. App'x 229, 231–32 (11th Cir. 2007) (establishing policies for "processing detainees arrested without a warrant"); *Manders*, 338 F.3d at 1328 ("establishing use-of-force policy at the jail and in training and disciplining his deputies in that regard"); *see also Myrick v. Fulton Cnty., Georgia*, 69 F.4th 1277, 1295, 1296 (11th Cir. 2023) (A Georgia sheriff "acted as an 'arm of the state' with respect to his force policy and training and disciplining his officers" and "with respect to the particular function of providing medical care" (internal citation omitted)). Further, the Eleventh Circuit has specifically held that a Georgia sheriff's "authority and duty to administer the jail in his jurisdiction flows from the State, not [the county]." *Manders*, 338 F.3d at 1315.

Accordingly, Ravan's official capacity claim against Sheriff Davis is barred by Eleventh Amendment immunity, and this claim is **DISMISSED**.

5. *Nurse Balkom and Nurse Vaughn*[5]

Ravan alleges that, following the first assault in Dorm J200, Nurse Vaughn said to Ravan, while drawing his blood, "I got you now." ECF 7 ¶ 42. Ravan says he did not understand what Nurse Vaughn meant by her comment. *Id.* ¶ 43. Nurse Vaughn's comment is not enough to state a claim for deliberate indifference to medical needs.

Ravan also alleges he required plastic reconstructive surgery following the second gang attack. *Id.* ¶¶ 54–56. He alleges Nurse Vaughn and Nurse Balkom had scheduled an appointment for him, but that he "was denied that appointment and/or was

---

[5] Ravan's initial complaint alleges that Nurse Balkom and Nurse Vaughn are employees of CorrectHealth. ECF 1 at 2.

not transported for it while detained." *Id.* ¶ 55. The amended complaint does not allege who denied Ravan his appointment. ECF 7. That Nurse Vaughn and Nurse Balkom scheduled Ravan an appointment does not state a claim for deliberate indifference to serious medical needs.

Count I against Nurse Vaughn and Nurse Balkom is **DISMISSED** without prejudice.

### C. Count II, § 1983 Fourteenth Amendment Failure to Protect, Deliberate Indifference to Safety Claim

Failure to protect claims brought by pre-trial detainees are governed by the Fourteenth Amendment's due process clause but are analyzed using the same standard as Eighth Amendment failure to protect claims. *Cottrell v. Caldwell*, 85 F.3d 1480, 1490 (1996). Under the Eighth Amendment, prison officials have a duty to "take reasonable measures to guarantee the safety of the inmates." *Caldwell v. Warden, FCI Talladega*, 748 F.3d 1090, 1099 (11th Cir. 2014); *Farmer*, 511 U.S. at 828 (1994) ("A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment."). To state a claim for failure to protect, a plaintiff must allege: (1) a substantial risk of serious harm; (2) deliberate indifference to that risk; and (3) causation. *Goodman v. Kimbrough*, 718 F.3d at 1325, 1331 (11th Cir. 2013); *Bowen v. Warden Baldwin State Prison*, 826 F.3d 1312, 1320 (11th Cir. 2016).

"The first element of an Eighth Amendment claim—a substantial risk of serious harm—is assessed under an objective standard." *Lane v. Philbin*, 835 F.3d 1302, 1307 (11th Cir. 2016). To prevail, a plaintiff must allege "conditions that were extreme and posed an unreasonable risk of serious injury to his future health or safety." *Marbury v. Warden*, 936 F.3d 1227, 1233 (11th Cir. 2019) (quoting *Lane*, 835 F.3d at 1307).

Plaintiffs can make this showing by demonstrating either a "general threat" to inmates based on dangerous conditions in the prison or in a particular area of the prison, or by an individualized risk based on a "specific threat" to the prisoner. *Id.* at 1233, 1235; *see also Purcell ex rel. Est. of Morgan v. Toombs Cnty., Ga.*, 400 F.3d 1313, 1320 (11th Cir. 2005).

To establish the second element—deliberate indifference—a plaintiff must plausibly allege that the defendant: (1) "was subjectively aware that the inmate was at risk of serious harm"; (2) "disregarded that risk"; and (3) "acted with 'subjective recklessness as used in the criminal law.'" *Wade*, 106 F.4th at 1255 (quoting *Farmer*, 511 U.S. at 839). Subjective awareness requires that the defendant "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Rodriguez v. Sec'y for Dep't of Corr.*, 508 F.3d 611, 617 (11th Cir. 2007) (citing *Farmer,* 511 U.S. at 837). The determination of whether a risk has been disregarded is objective: "[T]he [defendant] must have responded to the known risk in an unreasonable manner." *Marbury*, 936 F.3d at 1233; *Wade*, 106 F.4th at 1262. In other words, "a defendant who 'respond[s] reasonably' to a risk, even a known risk, 'cannot be found liable' under the Eighth Amendment." *Wade*, 106 F.4th at 1255 (quoting *Farmer*, 511 U.S. at 844, 837) (internal citation omitted). To allege that "the defendant acted with 'subjective recklessness as used in the criminal law'" the plaintiff must allege "that the defendant was subjectively aware that his own conduct put the plaintiff at substantial risk of serious harm." *Id.* (internal citation omitted).

"Finally, the plaintiff must show a 'necessary causal link' between the [defendant's] failure to act reasonably and the plaintiff's injury." *Marbury*, 936 F.3d at

-12-

1233 (quoting *Rodriguez*, 508 F.3d at 622–23). This causal connection requires that the defendant "(1) had the means substantially to improve the inmate's safety, (2) knew that the actions he undertook would be insufficient to provide the inmate with reasonable protection from violence, and (3) had other means available to him which he nevertheless disregarded." *Nelson v. Tompkins*, 89 F.4th 1289, 1298 (11th Cir. 2024) (quoting *Rodriguez*, 508 F.3d at 622).

   1. *Officer Tidwell (F)*

The complaint plausibly alleges Officer Tidwell (F) was subjectively aware Ravan was at risk of serious harm, and that she disregarded that risk. The complaint alleges Officer Tidwell (F) knew of the initial gang attack and that it was decided Ravan would be moved to a different dorm. ECF 7 ¶¶ 37, 38. Nevertheless, Officer Tidwell (F) returned Ravan to the same dorm in which he was attacked. *Id.* ¶ 44. When Ravan complained about it, Officer Tidwell (F) responded: "You just got an aspirin at the hospital; that should take care of the ass whooping you gonna get," showing subjective recklessness as used in the criminal law. *Id.* ¶ 45. The Court cannot say this claim is frivolous.

Count II against Officer Tidwell (F) may proceed.

   2. *Unknown Transport Officer*

Unlike Officer Tidwell (F), the complaint does not allege that Defendant Unknown Transport Officer, who escorted Ravan back to Dorm J200, was subjectively aware of the risk facing Ravan yet disregarded that risk. ECF 7. It does not allege this defendant knew of the initial gang attack or the decision to move Ravan to another dorm for his

-13-

safety. *Id.* Consequently, the amended complaint does not plausibly allege a failure to protect claim against Unknown Transport Officer.

Count II against Unknown Transport Officer is **DISMISSED** without prejudice.

### 3. Officer Tidwell (M) and Shift Lieutenant

The complaint does not plausibly allege Officer Tidwell (M) and Shift Lieutenant were deliberately indifferent to Ravan's safety. The complaint alleges these defendants participated in the decision to reassign Ravan to a different dorm following the initial gang attack. *Id.* ¶ 38. It does not allege, however, that they knew Officer Tidwell (F) returned him to Dorm J200. *See* ECF 7.

Count II against Officer Tidwell (M) and Shift Lieutenant is **DISMISSED** without prejudice.

### 4. Sheriff Davis

The complaint contains no factual allegations suggesting supervisory liability for a failure to protect claim against Sheriff Davis based on personal participation, or any other causal connection between Sheriff Davis' actions and the alleged constitutional violation. In addition, as explained above, Ravan's official capacity § 1983 claims against Sheriff Davis are barred.

Count II against Sheriff Davis is **DISMISSED** without prejudice.

### D. Count IV, Georgia State-Law Conversion / Wrongful Retention of Property[6]

Under Georgia law, "conversion consists of an unauthorized assumption and exercise of the right of ownership over personal property belonging to another, in hostility to his rights; an act of dominion over the personal property of another

---

[6] There is no Count III in the amended complaint. *See* ECF 7 at 9–10.

inconsistent with his rights; or an unauthorized appropriation." *DCA Architects, Inc. v. Am. Bldg. Consultants, Inc.,* 203 Ga. App. 598, 600, 417 S.E.2d 386 (1992) (citation modified). In other words, to state a claim for conversion, "the complaining party must show (1) title to the property or the right of possession, (2) actual possession in the other party, (3) demand for return of the property, and (4) refusal by the other party to return the property." *Internal Med. Alliance, LLC v. Budell,* 290 Ga. App. 231, 239, 659 S.E.2d 668 (quoting *Metzger v. Americredit Fin. Servs., Inc.,* 273 Ga. App. 453, 454, 615 S.E.2d 120).

Ravan plausibly alleges he had a right to possess his LifeVest, that Intake Nurse confiscated it, that he requested its return "via kiosk," and that it was never returned to him, even after his release. ECF 7 ¶¶ 18–24. At this early stage in the litigation process, the Court cannot say Ravan's conversion claim is frivolous.

Accordingly, Count IV may proceed for further factual development against CorrectHealth and Intake Nurse, should Ravan identify her.

### III. CONCLUSION

In sum, Ravan has **60 days** from the entry of this Order, by May 30, 2026, to identify Defendant Intake Nurse and move to amend to assert Counts I and IV against her.

Count I may proceed against CorrectHealth and Sheriff Davis in his individual capacity.

Count II may proceed against Officer Tidwell (F).

Count IV may proceed against CorrectHealth.

Doe Defendants 1–10, Unknown Transport Officer, Shift Lieutenant, Officer Tidwell (M), Nurse Vaughn, Nurse Balkom, and Sheriff Davis in his official capacity are **DISMISSED** without prejudice.[7]

Accordingly, it is **ORDERED** that service be made on defendants CorrectHealth, Inc., Officer Tidwell (F), and Sheriff Davis by the United States Marshal Service. The plaintiff is advised that he must serve upon opposing counsel (or defendants if the defendants are not represented by counsel) copies of all motions, pleadings, discovery, and correspondence (including letters to the Clerk or to a judge) filed with the Clerk of Court. Fed. R. Civ. P. 5(a). The plaintiff shall include with any paper which is filed with the Clerk of Court a certificate stating the date on which a true and correct copy of that paper was mailed to defendants or the defendants' counsel. The Clerk of Court will not serve or forward to defendants or the defendants' counsel copies of any materials filed with the Court.

In addition, the following limitations are imposed on discovery: except with written permission of the Court first obtained, (1) interrogatories may not exceed twenty-five to each party (Local Rule 33.1), (2) requests for production of documents and things under Rule 34 of the Federal Rules of Civil Procedure may not exceed ten requests to each party (Local Rule 34), and (3) requests for admissions under Rule 36 of the Federal Rules of Civil Procedure may not exceed fifteen requests to each party (Local Rule 36).

The plaintiff is responsible for diligently prosecuting his complaint and failure to do so may result in dismissal under Rule 41(b) of the Federal Rules of Civil Procedure.

---

[7] Ravan added John Does 1–10 as defendants in his amended complaint. For docketing purposes, the Court assumes Defendant Unknown Transport Officer is the same as Defendant "Unknown Black Transport Officer" identified in the initial complaint. ECF 1 at 1.

The plaintiff is required to keep the Clerk of Court advised of his current address during the pendency of this action. Failure to promptly advise the Clerk of any change of address may result in the dismissal of this action.

**SO ORDERED**, this 1st day of April, 2026.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

-17-